## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **NATASHA McGRUDER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00990-P** |
| | § | |
| **TARGET CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Target Corporation's Rule 12(b)(6) Motion to Dismiss (ECF No. 4), filed September 8, 2020. The motion seeks a partial dismissal. Having considered the Motion, briefing, and the applicable law, the Court finds that Target's Motion to Dismiss should be and is hereby **GRANTED**.

## BACKGROUND

This is a trip-and-fall case. On August 3, 2018, Plaintiff Natasha McGruder was shopping at a Target Store. Orig. Pet. at ¶ 5, ECF No. 1-3. While in the store, McGruder "tripped on a defect in the flooring and was injured." *Id.* at ¶ 6. Due to resulting injuries, on July 28, 2020, McGruder filed suit in state court. Her state-court petition alleges Target violated multiple standards of care, such as the failure to (a) "maintain[] the premise in a reasonably safe condition"; (b) "protect and safeguard invitees"; (c) "reduce or eliminate the risk of defective flooring to invitees" or "warn invitees" of the defect. *Id.* at ¶ 9(a)–(c).

Her petition labels her claims as negligence, negligence per se, and premise liability. *Id.* at ¶ 10.

On September 2, 2020, Target removed the state-court case. Four days later, on September 8, Target filed its 12(b)(6) motion. Target's motion admits that "Plaintiff alleges a premises cause of action." Def.'s Brief in Support Mot. to Dismiss at ¶ 2, ECF No. 5. It only seeks a partial dismissal of "those portions of the Original Petition alleging a negligence and negligence per se causes of action . . . ." *Id.* at ¶ 8. McGruder failed to respond.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

## ANALYSIS

**A.    McGruder failed to state a claim for negligence and negligence per se.**

Texas law distinguishes two types of negligence claims. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The first type, simple negligence claims, arises from negligent activity. *Id.* The second type, premise-liability claims, arises from a condition on property. *Id.* Although the boundary between the two claims can be fuzzy, the two claims "are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463,471 (Tex. 2017). There is no question that McGruder's petition properly alleges a claim for premise liability. Def's Brief in Support of its Mot. to Dismiss at ¶ 2. Target's motion only challenges whether McGruder stated a claim for negligence.

She did not. Negligence claims arise from acts contemporaneous with the injury. *Keetch*, 845 S.W.2d at 264 ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."). McGruder's petition contains no "short and plain statement of the claim showing that the pleader is entitled to relief" for Target's contemporaneous acts. FED. R. CIV. P. 8(a)(2). McGruder's petition alleges that a "defect in the flooring" caused her injury. Orig. Pet. at ¶ 6. This is a condition. *Keetch*, 845 S.W.2d at 264. McGruder's petition fails to mention any activity by Target. Although McGruder's petition does allege numerous instances of Target's failure to act, such as the failure to "maintain[] the premise in a reasonably safe condition" or "protect and safeguard invitees," these are merely claims for premise liability dressed up as a claim for negligence.

3

Because McGruder failed to state a claim for negligence, she necessarily failed to state a claim for negligence per se. This is because the two are one:  "Negligence per se is not a separate cause of action independent of a common-law negligence cause of action." *Johnson v. Enriquez*, 460 S.W.3d 669, 673 (Tex. App.—El Paso 2015, no pet.). When it applies, negligence per se provides an alternate duty or standard of care—it alters or modifies the applicable duty. But the cause of action remains negligence.

Accordingly, the Court concludes that McGruder's negligence claim, including any claim for negligence per se, should be and is hereby **DISMISSED without prejudice.**

## B.     The Court grants McGruder leave to replead her claims.

Given this case's youth, the Court grants McGruder leave to amend her complaint.

In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, McGruder may have more complaints than just the condition of the floor. But if so, Target is entitled to a "short and plain statement of the claim." FED. R. CIV. P. 8. For this reason, and given the early stage of this case, the Court **GRANTS** McGruder leave to amend her pleadings.

### CONCLUSION

For the foregoing reasons, the Court finds that Target's Motion to Dismiss (ECF No. 4), should be and is hereby **GRANTED.** Accordingly, the Court **DISMISSES**

McGruder's negligence claims contained in her original petition's paragraphs 9(a), (b), (d), (e), (f), 10, and 12 **without prejudice.** As Target's motion admits, McGruder still has a live claim for premise liability.

McGruder is **GRANTED** leave to amend to cure any defects **on or before November 30, 2020**. If McGruder fails to respond by this deadline, or if a timely amended complaint is subsequently dismissed, McGruder's negligence claim will be **DISMISSED with prejudice**. If McGruder files an amended complaint, Target's deadline to respond is by **21 days** from the date of filing.

**SO ORDERED** on this **5th** day of **November**, **2020**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5